OPINION OF THE COURT
Renee R. Roth, S.
As an incident to this contested probate proceeding, the court is requested to determine who should have custody of exhibits marked at an examination of the attesting witnesses under SCPA 1404.
The documents in question were produced by one of the witnesses during his deposition and were retained by the contestant’s attorney who offered them to be marked for identification. Their return was requested by the witness.
Objectant’s attorney submits that the governing statute (CPLR 3116 [c]) directs the return of exhibits marked for *955 identification only to the "party offering” them and since he offered the documents, he is entitled to their custody rather than the witness who did not offer them and is not a party.
CPLR 3116 (c) provides, in pertinent part, as follows: "Documentary evidence exhibited before the officer or exhibits marked for identification during the examination of the witness shall be annexed to and returned with the deposition. However, if requested by the party producing documentary evidence or on [sic] exhibit, the officer shall mark it for identification as an exhibit in the case, give each party an opportunity to copy or inspect it, and return it to the party offering it, and it may then be used in the same manner as if annexed to and returned with the deposition” (emphasis added).
Although the question has not received any judicial comment, it has been raised by some noted commentators. Professor David Siegel, in his Practice Commentaries, observes that "[t]hough the rule [CPLR 3116 (c)] accords to a 'party’ who produces a tangible thing the right to insist on its return to him, a like right should be accorded to a nonparty witness” (McKinney’s Cons Laws of NY, Book 7B, CPLR C3116:4, at 479; see also, 3A Weinstein-Korn-Miller, NY Civ Prac U 3116.11).
There is nothing in the legislative history of this statute that indicates whether the failure to mention witnesses was purposeful or inadvertent. However, it is observed that since only a party may offer evidence at a deposition, it is understandable that the statute in question discusses the return of an exhibit to the "party offering it”. In any event, the rationale behind the return of documents, namely, that they may be readily photocopied, is equally applicable when they belong to a nonparty witness. Furthermore, in the event the original document is not produced at trial, a party’s right to use a photocopy, provided for by statute (CPLR 2101 [e]), applies equally to documents in the possession of a nonparty. Based upon the foregoing, the court concludes that in the absence of a special reason for retention of the original documents (such as handwriting analysis or other authentication), documents produced by a nonparty witness, if requested, have to be returned to their owner after an opportunity for photocopying is provided to counsel. Accordingly, the court directs contestant’s attorney to return the documents in question to the attesting witness.